# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MARIE HENRY,**

    **Plaintiff,**

**v.**                                                                                  **Case No:  6:18-cv-1325-Orl-41GJK**

**CITY OF MOUNT DORA, BRETT LIVINGSTON, in his official and individual capacities, T. RANDALL SCOGGINS, in his official and individual capacities, DEPARTMENT OF JUVENILE JUSTICE, KACEY EDMONDSON, in her official and individual capacities, THE FLORIDA BAR, JOSHUA DOYLE, Executive Director Florida Bar, in his official and individual capacities, KEVIN JOHNSON, in his individual capacity, JOHN HARKNESS, JR., Executive Director, in his official and individual capacities, KENNETH LAWRENCE MARVIN, in his official and individual capacities, CLAYTON SIMMONS, in his official and individual capacities, JOHN TOMASINO, in his official and individual capacities, ADRIA QUINTELA, in her official and individual capacities, JAN WICHROWSKI, in her official and individual capacities, JOHN CARNAHAN, in his official and individual capacities, ORLANDO SENTINEL COMMUNICATIONS COMPANY, LLC,**

    **Defendants.**

_____

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motions:

> **MOTION:** **DEFENDANT ORLANDO SENTINEL'S DISPOSITIVE MOTION TO DISMISS AND SUPPORTING MEMORANDUM OF LAW (Doc. No. 5)**
>
> **FILED:** August 27, 2018
>
> ___
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED as moot.**

> **MOTION:** **MOTION TO DISMISS (Doc. No. 7)**
>
> **FILED:** August 27, 2018
>
> ___
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part**.

> **MOTION:** **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT FLORIDA BAR NOTICE OF REMOVAL (Doc. No. 12)**
>
> **FILED:** September 4, 2018
>
> ___
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED as moot.**

> **MOTION:** **DEFENDANT'S MOTION TO DISMISS COMPLAINT (Doc. No. 18)**
>
> **FILED:** September 11, 2018
>
> ___
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED as moot**.

## I.     BACKGROUND.

On May 22, 2018, Plaintiff filed a 110 page, 357 paragraph Complaint against sixteen defendants seeking declaratory, injunctive, and equitable relief and monetary damages pursuant to 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988, Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), and the Florida Civil Rights Act ("FCRA").  Doc. No. 2 at 2.  Plaintiff alleges tortious interference with business relationships, malicious prosecution, conspiracy to maliciously prosecute, retaliatory prosecution, abuse of process, defamation, false light, harassment, invasion of privacy, defamation per se, battery, and intentional infliction of emotional distress.

Plaintiff's allegations stem from a juvenile arrest and prosecution involving her daughter in Lake County, Florida, a predatory lending lawsuit Plaintiff filed in Lake County, Florida, and penultimately a disciplinary proceeding by the Florida Bar against Plaintiff that resulted in Plaintiff's suspension from the practice of law for six months.  Doc. No. 2 at 100-01.  The gravamen of Plaintiff's Complaint is that she was targeted by a larger conspiracy of state actors, primarily the Florida Bar and its employees and agents, after she exercised her rights as a citizen, and when she sought to protect both her constitutional rights as well as her daughter's rights. Doc. No. 2 at 3-4.  Plaintiff alleges that Defendants acted with racial and gender animus to target Plaintiff "in a course of conduct that shamed, denigrated, humiliated, harassed, intimidated, and denied her equality and due process under the rule of law" with respect to her disciplinary proceedings.  Doc. No. 2 at 3.

Plaintiff previously filed a similar complaint against the Florida Bar and its employees in this Court alleging violations of 42 U.S.C. §§ 1983, 1985, 1986, and 1988 and state law claims. *Henry v. The Florida Bar*, 6:15-cv-1009, Doc. No. 10 at 5.  This Court dismissed that action

finding, in part, that defendants had Eleventh Amendment and individual immunity. *Id.* at Doc. No. 46. Plaintiff's amended complaint was dismissed without leave to amend and the Court declined to exercise jurisdiction over the state law claims. *Id.* at Doc. No. 46 at 8. On appeal, the Eleventh Circuit Court of Appeals affirmed, finding that Eleventh Amendment immunity barred Plaintiff's claims against the Florida Bar and that the individual defendants were entitled to absolute immunity from suit. *Henry v. Harkness*, 701 F. App'x 878, 881 (11th Cir. 2017) (finding claims against individual defendants for monetary damages were barred).

In her current Complaint, Plaintiff has sued three sets of actors: first, The Florida Bar and its employees, including its current Executive Director and several employees who are involved in lawyer disciplinary proceedings, and the Clerk of the Florida Supreme Court; second, government officials and actors who were involved in Plaintiff's daughter's case in juvenile court including the Florida Department of Juvenile Justice; and third, the Orlando Sentinel, which published an article about Plaintiff's disciplinary proceedings. Doc. No. 2 at 6-8.

On August 27, 2018, the Orlando Sentinel filed Defendant Orlando Sentinel's Dispositive Motion to Dismiss and Supporting Memorandum of Law. Doc. No. 5. The Orlando Sentinel argues that Plaintiff's defamation claim is barred by the applicable two-year statute of limitations. Doc. No. 5 at 2. Plaintiff did not file a response in opposition to the Orlando Sentinel's motion to dismiss.

Defendants The Florida Bar and its employees and lawyers, including Joshua Doyle, John Harkness, Jr., Kevin Johnson, Kenneth L. Marvin, Judge Clayton Simmons, Adria Quintela, and Jan Wichrowski (hereinafter collectively the "Florida Bar Defendants") filed a Motion to Dismiss Plaintiff's Complaint (the "Florida Bar Defendants' Motion to Dismiss") on August 27, 2018. Doc. No. 7. The Florida Bar Defendants argue that Plaintiff's Complaint is barred by res judicata,

issue preclusion, the Eleventh Amendment, absolute immunity, and the *Rooker-Feldman* doctrine. Doc. No. 7.  The Florida Bar Defendants also seek to have Plaintiff designated a vexatious litigator.  Doc. No. 7 at 24-25.

On August 27, 2018, the Florida Bar Defendants filed a request for judicial notice of several orders and opinions of the Florida Supreme Court, this Court, the Eleventh Circuit Court of Appeals, and the Florida Commission on Human Rights ("FCHR") pursuant to Federal Rule of Evidence 201(b)(2).  Doc. No. 6.

On September 4, 2018, Plaintiff filed a Response in Opposition to Defendant Florida Bar Motion to Dismiss ("Response to Florida Bar's Motion to Dismiss").  Doc. No. 13.  Plaintiff's Response to Florida Bar's Motion to Dismiss simply restates the ways in which the disciplinary proceedings violated her constitutional rights.  Doc. No. 13.  Plaintiff claims she is entitled to maintain an action against the Florida Bar Defendants under Florida law.  Doc. No. 13 at 10. Plaintiff argues that the Florida Bar Defendants cannot rely on the previously dismissed federal action, the case against the City of Mt. Dora that was dismissed with prejudice, and the actions of the FCHR to support dismissal.  Doc. No. 13.

On September 10, 2018, Plaintiff filed a Response to the Florida Bar Defendants' request for judicial notice ("Response to Request for Judicial Notice").  Doc. No. 15.  Plaintiff again argues the merits of jurisdiction and prosecution regarding her bar disciplinary proceedings.  Doc. No. 15 at 9-12.  Plaintiff also argues that this Court cannot take judicial notice of the Administrative Law Judge's recommended order or the final order adopting it.  Doc. No. 15.

On September 4, 2018, Plaintiff filed a "Response in Opposition to Defendant Florida Bar Notice of Removal."  Doc. No. 12.  Plaintiff argues that removal was improper because the entire

Complaint did not state solely federal claims and because exercising jurisdiction was impermissible pursuant to the All Writs Act.  Doc. No. 12 at 1-2.

The Court directed Defendants to file a response to Plaintiff's Motion for Remand.  Doc. No. 19.  The Florida Bar Defendants filed a response to the Motion for Remand on September 25, 2018.  Doc. No. 22.  The Florida Bar Defendants argue that removal was proper because Plaintiff sought relief pursuant to 42 U.S.C. sections 1981, 1983, 1985, 1986, and 1988, and Title VII and the ADA.  Doc. No. 22 at 3-4.  The Florida Bar Defendants also argue that Plaintiff's reliance on the All Writs Act is inapposite.  Doc. No. 22 at 5-6.  On September 25, 2018, Defendants Department of Juvenile Justice ("DJJ") and John Tomasino ("Tomasino"), Florida Supreme Court Clerk, filed a response and argue that removal was proper because Plaintiff sought relief pursuant to federal law.  Doc. No. 23 at 4.

On September 11, 2018, Defendants DJJ and Tomasino filed a Motion to Dismiss Complaint.  Doc. No. 18.  Defendants raised sovereign, absolute judicial, and qualified immunity as well as the statute of limitations as grounds for dismissal.  Doc. No. 18.  Plaintiff filed no response.

## II. **STANDARD OF REVIEW**.

"When considering a motion to dismiss for failure to state a claim, a court must accept the allegations in the complaint as true, construing them in the light most favorable to the plaintiff." *Murphy v. F.D.I.C.*, 208 F.3d 959, 962 (11th Cir. 2000) (citing *Kirby v. Siegelman*, 195 F.3d 1285, 1289 (11th Cir. 1999)).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Specifically, the factual allegations, accepted as true, must "state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  This cannot be achieved through mere legal conclusions or recitation of the elements of a claim. *Id*. (citing *Twombly*, 550 U.S. at 555).  Instead, to state a plausible claim for relief, the plaintiff must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant and offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).  If the plaintiff fails to meet this pleading standard, then the complaint will be subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

## III.    ANALYSIS.

Plaintiff raised multiple federal claims in her Complaint against Defendants.  Doc. Nos. 2, 12 at 2.  The Florida Bar Defendants argue that Plaintiff's Complaint should be dismissed with prejudice based on the *Rooker-Feldman* doctrine.  Doc. No. 7.  The Florida Bar Defendants argue that Plaintiff's allegations are nothing more than a rehash of previous state court and state administrative decisions.[2]

After a bar disciplinary proceeding, the Florida Supreme Court issued an opinion approving the report of the referee regarding findings of fact and recommendations of guilt related to Plaintiff. *Fla. Bar. v. Henry*, SC13-1127, 2015 Fla. LEXIS 611, at *1 (Fla. Mar. 31, 2015); Doc. No. 2 at 100.  Plaintiff was suspended from the practice of law for six months and a rehabilitative

---

[1] The fact that Plaintiff is proceeding *pro se* does not materially alter the Court's standard of review. "While the pleadings of *pro se* litigants are 'liberally construed,' they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (citation omitted). In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

[2] The Florida Bar filed a request for this Court to take judicial notice of several of the opinions and orders issued in state and federal court.  Doc. No. 6.

suspension was imposed, including a mental health evaluation. *Henry*, 2015 Fla. LEXIS 611, at *2. Plaintiff's motion for rehearing was denied. *Fla. Bar v. Henry*, 2015 Fla. LEXIS 2061, at *1 (Fla. Sept. 25, 2015). Since that time, Plaintiff has continuously sought to challenge her bar disciplinary proceedings, from the underlying initial complaints all the way through to the pronouncement of the Florida Supreme Court with respect to her suspension. Doc. Nos. 6, 16 (*Henry v. The Fla. Bar. et al*, 6:15-cv-1009-CEM-TBS (M.D. Fla. May 27, 2016); *Henry v. The Fla. Bar*, No. 16-15869 (11th Cir. July 14, 2017); *Henry v. The Fla. Bar*, No. 17-1322 (Writ of Certiorari United States Supreme Court); *Henry v. The Florida Bar*, Case Nos. 16-4412, 16-0981 Div. of Admin. Hearings and FCHR 2015-01146, FCHR Order 17-088 and EEOC Case No. 15D201500576).

In this instance, Plaintiff's second verse is the same as the first. Plaintiff alleges Defendants violated federal statutes but, at its heart, the current Complaint is yet another attempt to challenge final state court and administrative decisions related to her disciplinary proceedings.

"The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts." *Bey v. Ninth Judicial Circuit*, No. 6:11-cv-510-18DAB, 2011 U.S. Dist. LEXIS 50040, at *7 (M.D. Fla. Apr. 15, 2011) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *Dist. of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 476-82 (1983)). *Rooker-Feldman* bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "The claims raised in district court need not have been argued in the state judicial proceeding to be barred by the Rooker-Feldman doctrine," the doctrine precludes review when the claims are "inextricably intertwined"

with the state court decision. *Tindall v. The Florida Bar*, 1997 U.S. Dist. LEXIS 17399, at *15 (M.D. Fla. Oct. 14, 1997). "The doctrine has been specifically applied to cases challenging Bar proceedings . . . ." *Renner v. Supreme Court of Florida*, 2018 U.S. Dist. LEXIS 124402, at *8 (N.D. Fla. July 6, 2018) (quoting *Uberoi v. Supreme Court of Fla.*, 819 F.3d 1311, 1313 (11th Cir. 2016)); *Scott v. Frankel*, 562 F. App'x 950, 953-54 (11th Cir. 2014) (plaintiff's claims related to his bar disciplinary proceedings and suspension were properly dismissed under *Rooker-Feldman*); *Scott v. Frankel*, 606 F. App'x 529, 532 (11th Cir. 2015); *Ramos v. Tomasino*, 701 F. App'x 798, 801 (11th Cir. 2017).

Plaintiff's federal causes of action against Defendants are barred by *Rooker-Feldman*. Plaintiff ultimately seeks to relitigate her bar disciplinary proceedings and the sanction imposed by the Florida Supreme Court.[3] Doc. No. 2. This she cannot do. Regardless of the nature of the claims Plaintiff has brought, because Plaintiff is challenging the orders and judgments of state court proceedings, as well as the underlying investigatory process, this Court lacks jurisdiction over these claims and they are due to be dismissed on that basis.[4]

While district courts have original jurisdiction if a claim arises under the Constitution or the laws of the United States, a district court also has supplemental jurisdiction over all other claims that are so related to claims in the action within the court's original jurisdiction that they "form part of the same case or controversy." 28 U.S.C. §§ 1367(a), 1441. However, a court may

---

[3] In her prayer for relief, Plaintiff seeks an "order directing Defendants the Florida Bar, Doyle, Wichrowski, to place Plaintiff in the membership position she would have occupied but for Defendants['] discriminatory and harassing treatment and otherwise unlawful conduct, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful practices are eliminated and do not continue to affect her employment opportunities and personal life . . ." Doc. No. 2 at 95.

[4] Plaintiff's claims against the Florida Bar and its employees and agents would also be subject to dismissal based on the Eleventh Circuit's holding in *Henry*, 701 F. App'x at 881. The Eleventh Circuit found the Eleventh Amendment barred Plaintiff's claim against the Florida Bar and absolute immunity protected the individual defendants from Plaintiff's damages claim. *Id.* The Court's resolution of those issues precludes revisiting them here. *Waisome v. JPMorgan Chase Bank, N.A.*, 2016 U.S. Dist. LEXIS 118079, at *3-4 (M.D. Fla. Sept. 1, 2016) (citing *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)).

decline to exercise supplemental jurisdiction over state law claims where the claims giving rise to federal question subject-matter jurisdiction have been dismissed. 28 U.S.C. § 1367(c); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988) (noting that "a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate."). In deciding whether to exercise supplemental jurisdiction over a case, the court must consider "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims," as well as "the values of judicial economy, convenience, fairness, and comity." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (citing *Carnegie-Mellon Univ.*, 484 U.S. at 350)). Supplemental jurisdiction "thus is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." *Carnegie-Mellon Univ.*, 484 U.S. at 350.

Given the nature of the underlying claims and the relevant litigation history, it is recommended that the Court decline to exercise supplemental jurisdiction over the remaining state law claims.[5]

## IV. CONCLUSION.

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. No. 7) be **GRANTED in part**;

2. Plaintiff's Complaint be **DISMISSED** as to Plaintiff's federal law claims;

3. The remainder of the Motion (Doc. No. 7) be **DENIED as moot.**

---

[5] The Court takes no position on the additional arguments raised in each of the Defendants' motions to dismiss as they relate to the state law claims raised by Plaintiff because *Rooker-Feldman* is dispositive as to Plaintiff's federal claims.

4. Plaintiff's remaining state law claims be remanded to state court;

5. All other pending motions, including Doc. Nos. 5, 7, 12, and 18, be **DENIED** as moot; and

6. The Clerk be directed to close this case.

**A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its filing waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.**

Recommended in Orlando, Florida, on December 3, 2018.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties