UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MARIE L. HENRY,**

      **Plaintiff,**

v.                                                              Case No: 6:18-cv-1325-Orl-41GJK

**CITY OF MOUNT DORA, BRETT LIVINGSTON, T. RANDALL SCOGGINS, DEPARTMENT OF JUVENILE JUSTICE, KACEY EDMONDSON, THE FLORIDA BAR, JOSHUA DOYLE, KEVIN JOHNSON, JOHN HARKNESS, JR., KENNETH LAWRENCE MARVIN, CLAYTON SIMMONS, JOHN TOMASINO, ADRIA QUINTELA, JAN WICHROWSKI, JOHN CARNAHAN and ORLANDO SENTINEL COMMUNICATIONS COMPANY, LLC,**

      **Defendants.**
_____/

## ORDER

THIS CAUSE is before the Court on Defendant Orlando Sentinel's Motion to Dismiss (Doc. 5), The Florida Bar's Motion to Dismiss (Doc. 7), Plaintiff's Response in Opposition to Defendant Florida Bar's Notice of Removal (Doc. 12), and Defendants Florida Department of Juvenile Justice and John Tomasino's Motion to Dismiss (Doc. 18). United States Magistrate Judge Gregory J. Kelly submitted a Report and Recommendation ("R&R," Doc. 26), recommending that the Court grant in part The Florida Bar's Motion to Dismiss (Doc. 7), deny as moot the remaining motions, and remand the case to state court.

Plaintiff filed an untimely Objection to the R&R (Doc. 29) per Federal Rule of Civil Procedure 72(b)(2). As such, the Court is under no obligation to consider Plaintiff's objections.

However, even if the Court were to consider Plaintiff's objections, they do not address the substantive analysis in the R&R, namely that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine.

The Florida Bar filed an Objection to the R&R (Doc. 28). Therein, The Florida Bar objects to Judge Kelly's recommendation that the Court remand the case to state court after dismissing Plaintiff's federal claims. "[A] district court may decline to exercise supplemental jurisdiction over a claim when the district court has dismissed all claims over which it has original jurisdiction." *Russell v. Redstone Fed. Credit Union*, 710 F. App'x 830, 832 (11th Cir. 2017) (citing 28 U.S.C. § 1367(c)(3)). Here, the basis for removal was federal question jurisdiction, and Plaintiff's federal claims will be dismissed. Therefore, the Court declines to retain jurisdiction over Plaintiff's state law claims.

Accordingly, the Court agrees with the analysis set forth in the R&R, with one caveat: the Court declines to rule on Defendant Orlando Sentinel's Motion to Dismiss because it addresses only state law claims. Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 26) is **ADOPTED** and **CONFIRMED** as set forth herein.
2. The Florida Bar's Motion to Dismiss (Doc. 7) is **GRANTED in part**.
3. Plaintiff's Complaint (Doc. 2) is **DISMISSED** as to Counts I–VIII.
4. Plaintiff's Response in Opposition to Defendant Florida Bar's Notice of Removal (Doc. 12) is **DENIED as moot**.

5. Defendants Florida Department of Juvenile Justice and John Tomasino's Motion to Dismiss (Doc. 18) is **DENIED as moot** to the extent that it addresses Counts I–VIII.[1]

6. The Clerk is directed to **REMAND** this case to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, Case Number 2018-CA-005281-O. Thereafter, the Clerk shall close this case.

**DONE** and **ORDERED** in Orlando, Florida on March 28, 2019.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party
Clerk of the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida

---

[1] The Court expresses no opinion regarding Defendants' arguments addressing Plaintiff's state law claims.